IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTOPHER GRAY and<br>WILLIAM KOPPELMANN,<br>    Plaintiffs,<br><br>vs.<br><br>ST. LOUIS CITY BOARD OF ELECTION<br>COMMISSIONERS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Come now Christopher Gray and William Koppelmann, and for their Complaint for Declaratory and Injunctive Relief, state as follows:

**INTRODUCTION**

1. Plaintiffs Christopher Gray and William Koppelmann bring this action against the St. Louis City Board of Election Commissioners (hereafter "Election Board") because the Election Board is denying them their right to vote privately and independently, without assistance, during elections. Mr. Gray and Mr. Kopplemann are blind, and they each desire to vote during the absentee voting period when other City residents can vote. Plaintiffs require the use of touch-screen voting machines which allow for use of audio ballots and which preserve Plaintiffs' right to vote privately and independently. Plaintiffs seek a temporary restraining order, permanent injunctive relief, a declaration that the Americans with Disabilities Act (ADA) and Section 504 require election authorities to make accessible voting, including touch-screen voting machines, available at all elections and during absentee voting for all elections, and such other relief as this Court deems appropriate.

1

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.  Subject matter jurisdiction is appropriate under Title II of the  Americans with Disabilities Act as Amended (2008) and Section 504 of the Rehabilitation Act, both of which are federal statutes creating federal rights and private causes of action.

3.   Venue is appropriate in this Court, as the cause of action arises in the City of St. Louis where all parties are located, and which is within the Eastern District of Missouri.

## PARTIES

4.  Plaintiff Christopher Gray is a registered voter in the City of St. Louis and State of Missouri.

5.   Mr. Gray is a person with a qualifying disability under the ADA and Section 504, as he has been legally blind since birth.

6.   Mr. Gray is the Executive Director of the Missouri Council of the Blind, a Missouri non-profit organization that advocates for blind Missourians.

7.  Mr. Gray intends to vote in the 2016 presidential election this fall.  He  intends to vote absentee at the Election Board office.

8.  Mr. Gray is unable to vote using a paper ballot due to his blindness.   He can exercise his right to vote independently and privately using a touch-screen voting machine, which has an audio program that reads the ballot to him.  He desires to vote without any other person assisting him, so as to preserve the confidential nature of his vote.

9.   Mr. Gray is aware of many other members of the Missouri Council of the Blind

who want to vote absentee using the accessible touch-screen machines.

10.  Mr. Gray has requested a reasonable accommodation from the Election Board to allow him to use a touch-screen machine during the absentee period, but he has not been granted such an accommodation as of the date of filing this Complaint.

11.  Plaintiff William Koppelmann is a resident of the City of St. Louis and is a registered voter in the City and the State of Missouri.

12.  Mr. Koppelmann, age 73, is a person with a qualifying disability under the ADA and Section 504, as he has been blind since birth.

13. Mr. Kopplemann is unable to use a paper ballot independently because of his blindness.  He will be able to vote independently and privately if a touch-screen machine with audio technology is available for him.  He wants to exercise his right to vote independently and privately without assistance.

14.  Mr. Koppelmann intends to vote during the absentee period at the Election Board Office for the 2016 federal election.

15.  Defendant is the St. Louis City Board of Election Commissioners. The Election Board is a governmental body authorized by the State Legislature to administer and conduct "all public elections within the City of St. Louis in a fair, open and honest manner pursuant to federal, state and municipal law," according to its mission statement. Section 115.017 RSMo (2016).

16.  Upon information and belief, the Election Board receives financial assistance from the federal and state government to provide accessible voting machines and to conduct elections in general.  52 U.S.C.§21061 *et. seq*.; Section 115.076.1 RSMo (2016). The Election Board is the proper defendant and is without sovereign immunity

## STATEMENT OF ADDITIONAL FACTS

17.  The State of Missouri and the Election Board allow registered Missouri voters to cast absentee ballots for a variety of reasons.  Persons without disabilities are able to vote absentee if they will be out of the jurisdiction on voting day, for example.

18.  The Election Board for many years has allowed persons with disabilities to vote during the absentee voting period using touch-screen machines, including the use of audio versions of the ballot, to allow persons with blindness and other vision impairments to vote privately and independently.

19. Upon information and belief, the Election Board has changed its policy and will no longer allow for the use of touch-screen machines during absentee voting, including but not limited to the upcoming 2016 election on November 8, because it believes it is constrained by a recent ruling of the Missouri Court of Appeals in *Franks v. Hubbard*, ED104797.

20.  The decision in *Franks v. Hubbard* does not address federal law in any manner, and does not address the rights of persons with disabilities.  In that case, no person with a disability was a party, and no one represented the interests of persons with disabilities.

## COUNT I

### Violation of Americans with Disabilities Act

21.  Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1 through 20 of the Complaint.

22.  The Americans with Disabilities Act, 42 U.S.C. §§12101-12213, guarantees equal

access for qualified individuals to the benefits of the services, programs, or activities of a public entity.  Title II of the ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

23.  In providing aids, benefits, or services, public entities may not "[a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit or service that is not equal to that afforded to others," nor may public entities provide qualified individuals with disabilities "an aid, benefit or service that is not as effective in affording equal opportunity to obtain the same result."   28 C.F.R. § 35.130(b)(1)(ii)-(iii)..

24.  The Election Board is a state-mandated agency which conducts all public elections within the City of St. Louis; is responsible for the registration of voters; and the maintenance of voter registration records; and is a public entity under Title II of the Americans with Disabilities Act.

25.  Voting is a service, program, or activity provided by the Election Board to both people with disabilities and people without disabilities.

26.  Mr. Gray and Mr. Koppelmann are both blind, and both Plaintiffs therefore qualify as persons with a disability as defined by the Americans with Disabilities Act.

27. Mr. Gray and Mr. Kopplemann are registered voters in the City of St. Louis who require the use of accessible voting machines because of their respective disabilities, and who desire to vote during the absentee period to allow adequate time to vote and to arrange transportation to vote.

5

28. The Election Board has failed to meet its obligations to persons with disabilities by denying the use of touch-screen voting machines during the absentee voting period, including the use of a "talking voting machine" using an audio ballot.  The Election Board has excluded Mr. Gray and Mr. Koppelmann from the benefits of the services, programs, or activities of the absentee voting system, and the right to vote privately and independently.

29. Unless it is enjoined from doing so, the Election Board will continue to violate the Americans with Disabilities Act and prevent Mr. Gray and Mr. Koppelmann from exercising their right to vote in the manner required by law.  Therefore, the Election Board is inflicting, and will continue to inflict, irreparable harm on Mr. Gray and Mr. Koppelmann, and other voters with disabilities who are similarly situated.

30. Mr. Gray and Mr. Koppelmann have no adequate remedy at law.

31. Injunctive and declaratory relief are necessary and appropriate in this case, as the harm faced by Plaintiffs is immediate and ongoing, in that absentee voting in the City of St. Louis is already underway; and the in-person absentee voting period ends on November 7, 2016, for the current federal election.

32. The continued use of touch-screen voting machines for absentee voters for the upcoming federal election and subsequent municipal and state elections will not constitute a fundamental alteration of the programs, services, and activities at issue in this case:  Plaintiffs ask the Election Board to continue a long-established process; and the Election Board has stated that continuing to provide the touch-screen voting machines for absentee voters will not constitute a fundamental alteration.

**COUNT II**

**Section 504 of the Rehabilitation Act**

33. Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1 through 32 of the Complaint.

34. Section 504 of the federal Rehabilitation Act mandates that "[n]o otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. §794(a).

35. Federally funded programs and activities may not, in providing aids, benefits, or services, "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded to others," nor may such programs and activities provide qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others."  45 C.F.R. §84.4(b)(1)(ii)-(iii).

36. Upon information and belief, the Election Board receives federal funds and other assistance to provide accessible voting machines for elections and to help fund elections generally.  One means of assistance comes through the Help America Vote Act. 52 USC Section 21061 *et. seq.*; Sections 115.076.1; 115.074; and 115.078 RSMo (2016).

37. Voting is a service, program or activity provided by the Election Board.

38. Absentee voting is a service, program or activity provided by the Election Board, and it is provided to both people with disabilities and people without disabilities.

39. Mr. Gray and Mr. Koppelmann are both individuals with a disability as defined by Section 504.

40. As registered voters who are people with disabilities, Plaintiffs are entitled to the protections of Section 504 in exercising their right to vote, including the right to vote during the

absentee period.  By being denied the use of a touch-screen machine during the absentee period, they are being denied the benefits of absentee voting available to others, and they do not have access to voting methods that are as effective as the methods available to others.

41. The Election Board has failed to meet its obligations to persons with disabilities by denying the use of touch-screen voting machines during the absentee voting period.  The Election Board has excluded Mr. Gray and Mr. Koppelmann from the benefits of the absentee voting system, and the right to vote privately and independently.

42. Unless it is enjoined from doing so, the Election Board will continue to violate the requirements of Section 504, and will continue to prevent Mr. Gray and Mr. Koppelmann from exercising their right to vote in the manner required by law**;** and therefore is inflicting**,** and will continue to inflict**,** irreparable harm on Mr. Gray and Mr. Koppelmann, and others with disabilities.

43.  Mr. Gray and Mr. Kopplemann have no adequate remedy at law.

44.  Injunctive and declaratory relief are necessary and appropriate in this case, as the harm faced by Plaintiffs is immediate and ongoing, in that absentee voting in the City of St. Louis is already underway; and the absentee voting period ends on November 7, 2016, for the current federal election.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for temporary, preliminary and permanent relief as follows:

A. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction prohibiting Defendant from violating the Americans with Disabilities Act and Section 504 of the Rehabilitation Act during elections.

B. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction requiring the Board to make touch-screen voting machines available for persons with disabilities for all aspects of the November 8, 2016, election, including on Election Day; and including during the absentee voting period.

C. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction requiring the Board to make touch-screen voting machines available for persons with disabilities for all aspects of all future elections, including all federal, state, and municipal elections, including on Election Day and including during the absentee voting period.

D. A Declaration that the Americans with Disabilities Act and Section 504 require election authorities to make accessible voting, including touch-screen voting machines, available for persons with disabilities at all elections and during absentee voting for all elections, including but not limited to, the 2016 federal election.

E. An award of reasonable attorney fees for Plaintiffs' Counsel and an award of costs.

F. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,


/s/ John J. Ammann
John J. Ammann, Mo Bar # 34308
J. Thomas Mihalczo, Rule 13
Catherine Aubuchon, Rule 13
Saint Louis University Legal Clinic
100 North Tucker, Suite 704
St. Louis, Mo.  63101
314-977-2778; 314-977-1180 fax
ammannjj@slu.edu

/s/ Brendan D. Roediger
Brendan Roediger, Mo Bar # 60585           .
Saint Louis University Legal Clinic
100 North Tucker, Suite 704
St. Louis, Mo.  63101
314-977-2778; fax 314-977-1180
broediger@slu.edu

/s/ Susan K. Eckles
Susan K. Eckles, Mo Bar # 38641
Managing Attorney
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Mo  63114
(314) 256-9611; (314) 785-1707 fax
susan.eckles@mo-pa.org

/s/ Vincent K. Heitholt
Vincent K. Heitholt, Mo Bar # 68129
Staff Attorney
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Mo  63114
(314) 256-9591; (314) 785-1707 fax
vincent.heitholt@mo-pa.org

Todd R. Romkema, Mo Bar # 68604
Staff Attorney
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Mo  63114
(314) 256-9627; (314) 785-1707 fax

todd.romkema@mo-pa.org