IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTOPHER GRAY and<br>WILLIAM KOPPELMANN,<br>    Plaintiffs,<br><br>vs.<br><br>ST. LOUIS CITY BOARD OF ELECTION<br>COMMISSIONERS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION AND FOR PERMANENT INJUNCTIVE RELIEF**

Come now Plaintiffs Christopher Gray and William Koppelmann, and for their Motion for Temporary Restraining Order and Preliminary Injunction and for permanent injunctive relief, state as follows:

1. Plaintiffs incorporate by reference their Complaint for Declaratory and Injunctive Relief filed in this cause.  Plaintiffs have also filed Exhibits attached to their Suggestions in Support of the Motion for Temporary Restraining Order and Preliminary Injunction and Permanent Injunctive Relief, which they incorporate into this Motion.

2. The St. Louis City Board of Election Commissioners' (hereafter "Election Board") decision not to provide touch-screen voting machines accessible to persons with disabilities during absentee voting violates the rights of Plaintiffs, Christopher Gray and William Koppelmann, and other voters with disabilities, who request to use, and require the use of**,** accessible voting machines to be able to vote independently and privately.

3. The constitutional right of Plaintiffs to vote is being denied, and will continued to

1

be denied, causing immediate and ongoing irreparable harm to Plaintiffs and others with disabilities, if the Court does not issue immediate relief in the form of a Temporary Restraining Order. Absentee voting has already begun in Missouri as of September 27, 2016, and harm is already occurring to Plaintiffs and others with disabilities.

4. Plaintiffs have no adequate remedy at law, as no amount of damages can replace the right of a person to vote. Further, Plaintiffs have a very narrow window of time in which to obtain relief and vindicate their rights, as absentee voting ends on November 7, 2016.

5. The balance of harms favors the right of individuals to vote. There is no harm to the St. Louis City Board of Election Commissioners, because it has provided touch-screen voting machines during absentee balloting in the past, has staff trained to use the voting machines, and has voting machines ready for use by the Plaintiffs at the present time. However, because of the recent Missouri Court of Appeals decision in *Franks v. Hubbard*, ED104797, the Election Board believes it can no longer allow their use during absentee voting.

6. Plaintiffs have a likelihood of success on the merits in support of emergency injunctive relief, as set forth in their Suggestions. Title II of the Americans with Disabilities Act (2008) and Section 504 of the Rehabilitation Act, require that persons with disabilities be provided the benefits of a voting system enjoyed by all other persons.

7. The public interest favors the Plaintiffs' ability to vote in all elections.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for temporary, preliminary and permanent relief as follows:

A. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction prohibiting Defendant from violating Title II of the Americans with Disabilities Act (2008) and Section 504 of the Rehabilitation Act, during elections.

B. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction requiring the Board to make touch-screen voting machines available for persons with disabilities for all aspects of the November 8, 2016, election, including on Election Day; and including during the absentee voting period.

C. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction requiring the Board to make touch-screen voting machines available for persons with disabilities for all aspects of all future elections, including all federal, state, and municipal elections, whether on Election Day or during the absentee voting period.

D. A Declaration that Title II of the Americans with Disabilities Act and Section 504 require election authorities to make accessible voting, including touch-screen voting machines, available for persons with disabilities at all elections, and during absentee voting, including but not limited to, the 2016 federal election.

E. An award of reasonable attorney fees for Plaintiffs' counsel and an award of costs.

F. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ John J. Ammann
John J. Ammann, Mo Bar # 34308
J. Thomas Mihalczo, Rule 13
Catherine Aubuchon, Rule 13
Saint Louis University Legal Clinic
100 North Tucker, Suite 704
St. Louis, Mo.  63101
314-977-2778; 314-977-1180 fax
ammannjj@slu.edu

/s/ Brendan D. Roediger
Brendan Roediger, Mo Bar # 60585               .
Saint Louis University Legal Clinic
100 North Tucker, Suite 704
St. Louis, Mo.  63101
314-977-2778; fax 314-977-1180
broediger@slu.edu

/s/ Susan K. Eckles
Susan K. Eckles, Mo Bar # 38641
Managing Attorney
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Mo  63114
(314) 256-9611; (314) 785-1707 fax
susan.eckles@mo-pa.org

/s/ Vincent K. Heitholt
Vincent K. Heitholt, Mo Bar # 68129
Staff Attorney
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Mo  63114
(314) 256-9591; (314) 785-1707 fax
vincent.heitholt@mo-pa.org

Todd R. Romkema, Mo Bar # 68604
Staff Attorney
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Mo  63114
(314) 256-9627; (314) 785-1707 fax
todd.romkema@mo-pa.org