## IN THE MISSOURI COURT OF APPEALS
## EASTERN DISTRICT

| | | |
|---|---|---|
| BRUCE FRANKS, JR., | ) | |
| | ) | No. ED104797 |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of the City of St. Louis |
| | ) | Cause No. 1622-CC09996 |
| PENNY HUBBARD | ) | |
| | ) | |
| Appellant. | ) | |

### BOARD OF ELECTION COMMISSIONS OF THE CITY OF ST. LOUIS' MOTION FOR LEAVE TO FILE AND MOTION TO MODIFY COURT'S SEPTEMBER 13, 2016 OPINION

### INTRODUCTION

On September 13, 2016 the Court issued its Opinion, affirming a new primary election needed to be held in the 78th State House District.  The Court analyzed the absentee ballot voting process that had occurred in the primary voting for the election.  The Board of Election Commissioners of the City of St. Louis ("the Board") seeks clarity as to the Court's Opinion regarding the use of touch-screen voting machines in absentee voting in future elections. Members of the public, including the Missouri Council for the Blind, and other election authorities have expressed concern regarding the Opinion's impact on touch-screen voting. *See* Exhibits A, B.  Absentee voting for the November 8, 2016 election has already begun in the City of St. Louis.  The Board seeks a modification of the Court's Order so it is clear the Board may proceed with use of the touch-screen machines for voters requiring electronic assistance.



## MOTION FOR LEAVE

The Board was originally named as a party in this litigation but was dismissed at the trial court because RSMo. §§ 115.526 and 115.531 do not permit a contestee of an election to bring suit against the election administrators.  Since the filing of the Court's Opinion, the Board has been directly impacted as questions have arisen regarding the Opinion's control on the use of touch-screen voting machines.  Given the public nature of these facts and the impact to future elections, the Board seeks leave of Court to file its Motion to Modify.  Leave should be granted so the Court may decide the merits of the Board's Motion.

## MOTION TO MODIFY[1]

The Board seeks clarification as to whether the Opinion is intended to preclude touch-screen absentee ballot voting for the disabled.  Touch-screen voting may be required by numerous federal statutes, including: the Help America Vote Act[2], Section 504 of the Rehabilitation Act[3], and/or the Americans with Disabilities Act[4].  Pursuant to the Supremacy Clause of the U.S. Constitution, these laws appear to require the Board allow qualified disabled voters access to a non-visual voting machines and an opportunity to vote in private without assistance.  The United States Court of Appeals for the Fourth Circuit upheld access to electronic voting under the Americans with Disabilities Act held earlier this year. *Nat'l Fed. Of the Blind, et al. v. Lamone, et al.*, 813 F.3d 494 (4th Cir. 2016).  For instance, persons with visual impairments or manual dexterity impairments may be unable to complete a paper ballot without assistance from another person and might require such persons to disclose their choice of candidates to election officials or others.  On the other hand, touch-screen voting machines can

---

[1] This Motion is timely filed within fifteen days after the Court filed its opinion. Mo. Sup. Ct. R. 84.17(b).
[2] 52 U.S.C. § 20901-21145
[3] 29 U.S.C. § 794
[4] 42 U.S.C. § 12101 *et seq.*

be adapted to have an audio feature with headphones that would allow the visually impaired to vote confidentially. Some disabled voters may not be able to vote or vote confidentially without touch-screen voting machines.

Although the Court's Opinion regarded the primary for the 78th State House District, it has potentially impacted administration of future absentee voting in separate elections, including the upcoming November 8, 2016 presidential election. The Board's Chair received a letter on September 23, 2016 from John Ammann of the St. Louis University Law School Legal Clinics in his capacity as an attorney for the Executive Director of the Missouri Council for the Blind. Exhibit A. Mr. Ammann expressed concerns for the disabled if touch-screen absentee voting is not available to the disabled. A September 26, 2016 St. Louis Post-Dispatch article indicated election authorities throughout the State of Missouri share these concerns. Exhibit B.

Therefore, the Board respectfully suggests the Court modify its September 13, 2016, Opinion pursuant to this Motion or the Court's own motion to add clarification as to the Opinion's impact on touch-screen voting machines. The Board respectfully suggests the following sentence: "This Opinion does not bar the use of touch-screen absentee ballot voting without the use of envelopes for persons who appear in person to vote absentee and who demonstrate that a disability prevents them from voting using a paper ballot but would be able to vote using a touch-screen voting machine."

Respectfully submitted,

LATHROP & GAGE LLP

*/s/ Matthew Jacober*
_____

Matthew A. Jacober
David W. Sweeney, # 57144
Patricia L. Silva # 67213
Joshua L. Loevy, #66047
mjacober@lathropgage.com
psilva@lathrogage.com
jloevy@lathropgage.com
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri 63105
Phone: (314) 613-2800
Fax: (314) 613-2801
**Attorneys for Board of Election
Commissioners of the City of St. Louis**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above pleading was served on this 28th day of September, 2016, via the Court's electronic filing system and by electronic mail to the following counsel of record:

Jane Dueker
Arthur Gregg
1 North Brentwood Blvd
Suite 1000
Clayton, MO 63105
jdueker@spencerfane.com
agregg@spencerfane.com
Michael J. Colona
4387 Laclede Ave.
St. Louis, MO 63108
mikecolonalaw@gmail.com
ATTORNEYS FOR APPELLANT

David Roland
14779 Audrain Rd. 815
Mexico, MO 65265
libertyandjustice@gmail.com
ATTORNEY FOR RESPONDENT

*/s/ Matthew A. Jacober*
_____