IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTOPHER GRAY and<br>WILLIAM KOPPELMANN, <br><br>　　　Plaintiffs,<br><br>vs.<br><br>ST. LOUIS CITY BOARD OF<br>ELECTION COMMISSIONERS<br><br>　　　Defendant. | Case No. 4:16-cv-01548 |

## ANSWER

COMES NOW Defendant St. Louis City Board of Election Commissioners ("the Board"), for its Answer to Plaintiffs' Complaint ("Petition"), states as follows:

1. Defendant admits Plaintiffs bring this action for the reasons set forth in Paragraph 1. Defendant further responds it is willing and able to provide touch-screen voting machines in absentee voting, as it has done for years, to accommodate disabled voters. The Board is constrained by the recent decision from the Missouri Court of Appeals, Eastern District in *Franks v. Hubbard*, ED104797, and is currently awaiting ruling on its Motion to Modify for clarification on the scope of the Appellate Court's Opinion to determine the impact on touch-screen absentee voting. Defendant's Motion to Modify, filed in the Missouri Court of Appeals, Eastern District is attached hereto as **Exhibit 1**.

2. Admitted.

3. Admitted.

4. Defendant is without information to form a belief as to the allegations in Paragraph 4, and therefore neither admits nor denies same.

5. Defendant is without information to form a belief as to the allegations in Paragraph 5, and therefore neither admits nor denies same.

6. Defendant is without information to form a belief as to the allegations in Paragraph 6, and therefore neither admits nor denies same.

7. Defendant is without information to form a belief as to the allegations in Paragraph 7, and therefore neither admits nor denies same.

8. Defendant is without information to form a belief as to the allegations in Paragraph 8, and therefore neither admits nor denies same.

9. Defendant is without information to form a belief as to the allegations in Paragraph 9, and therefore neither admits nor denies same.

10. Defendant admits Mr. Gray has requested accommodation from the Board to use a touch-screen voting machine during absentee voting during the current absentee period related to the upcoming November 8, 2016 election and has not been granted accommodation as of the date of filing this Answer.

11. Defendant is without information to form a belief as to the allegations in Paragraph 11, and therefore neither admits nor denies same.

12. Defendant is without information to form a belief as to the allegations in Paragraph 12, and therefore neither admits nor denies same.

13. Defendant is without information to form a belief as to the allegations in Paragraph 13, and therefore neither admits nor denies same.

14. Defendant is without information to form a belief as to the allegations in Paragraph 14, and therefore neither admits nor denies same.

15. Defendant admits this is a general statement of the Board's mission, although RSMo. 115.017 is not a citation for the Board's mission. The mission statement reads, "The Board aims to ensure that every eligible resident of the City of St. Louis is encouraged and provided ample opportunity to register to vote; that voter files are kept accurate and up-to-date; that voter education and turnout efforts are maximized; and that public elections in the City of St. Louis are conducted in a fair, honest and impartial manner in order to effect the best possible election process consistent with federal law, state statutes, and the Charter of the City of St. Louis".

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Defendant admits the Missouri Court of Appeals Opinion in *Franks v. Hubbard*, ED104797, did not deal primarily with federal law, the Opinion does not address the rights of persons with disabilities, no person with a disability was a party in the case, and no one represented the interests of persons with disabilities in the case.

### COUNT I: Americans with Disabilities Act

21. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1-20.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26.	Defendant is without information to form a belief as to the allegations in Paragraph 26, and therefore neither admits nor denies same.

27.	Defendant is without information to form a belief as to the allegations in Paragraph 27, and therefore neither admits nor denies same.

28.	Defendant admits it is willing and able to provide touch-screen voting machines in absentee voting, as it has done for years, to accommodate disabled voters. The Board is constrained by the recent decision in *Franks v. Hubbard*, ED104797, and is currently awaiting ruling on its Motion to Modify for clarification on the scope of the Appellate Court's Opinion to determine the impact on touch-screen absentee voting.

29.	Defendant admits it is willing and able to provide touch-screen voting machines in absentee voting, as it has done for years, to accommodate disabled voters. The Board is constrained by the recent decision in *Franks v. Hubbard*, ED104797, and is currently awaiting ruling on its Motion to Modify for clarification on the scope of the Appellate Court's Opinion to determine the impact on touch-screen absentee voting.

30.	Defendant is without information to form a belief as to the allegations in Paragraph 30, and therefore neither admits nor denies same.

31.	Defendant admits it is willing and able to provide touch-screen voting machines in absentee voting, as it has done for years, to accommodate disabled voters. The Board is constrained by the recent decision in *Franks v. Hubbard*, ED104797, and is currently awaiting ruling on its Motion to Modify for clarification on the scope of the Appellate Court's Opinion to determine the impact on touch-screen absentee voting.

32.	Admitted.

## COUNT II: §504 of the Rehabilitation Act

33. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1-32.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Defendant is without information to form a belief as to the allegations in Paragraph 39, and therefore neither admits nor denies same.

40. Defendant is without information to form a belief as to the allegations in Paragraph 40, and therefore neither admits nor denies same.

41. Defendant admits it is willing and able to provide touch-screen voting machines in absentee voting, as it has done for years, to accommodate disabled voters. The Board is constrained by the recent decision in *Franks v. Hubbard*, ED104797, and is currently awaiting ruling on its Motion to Modify for clarification on the scope of the Appellate Court's Opinion to determine the impact on touch-screen absentee voting.

42. Defendant admits it is willing and able to provide touch-screen voting machines in absentee voting, as it has done for years, to accommodate disabled voters. The Board is constrained by the recent decision in *Franks v. Hubbard*, ED104797, and is currently awaiting ruling on its Motion to Modify for clarification on the scope of the Appellate Court's Opinion to determine the impact on touch-screen absentee voting.

43. Defendant is without information to form a belief as to the allegations in Paragraph 43, and therefore neither admits nor denies same.

44.     Defendant admits it is willing and able to provide touch-screen voting machines in absentee voting, as it has done for years, to accommodate disabled voters. The Board is constrained by the recent decision in *Franks v. Hubbard*, ED104797, and is currently awaiting ruling on its Motion to Modify for clarification on the scope of the Appellate Court's Opinion to determine the impact on touch-screen absentee voting.


Dated: September 30, 2016                    LATHROP & GAGE LLP

                                                     By:    */s/ Matthew Jacober*
                                                              Matthew A. Jacober, 51585MO
                                                              Patricia L. Silva, 67213MO
                                                              Pierre Laclede Center
                                                              7701 Forsyth Blvd., Suite 500
                                                              Clayton, Missouri 63105
                                                              Telephone:  (314) 613-2800
                                                              Telecopier:  (314) 613-2801
                                                              mjacober@lathropgage.com
                                                              psilva@lathropgage.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading was served via the Court's electronic filing system on the following counsel of record, this 30th day of September, 2016:

| | |
|---|---|
| John J. Ammann | Susan K. Eckles |
| Brendan D. Roediger | Vincent K. Heitholt |
| Saint Louis University Legal Clinic | Todd F. Romkema |
| 100 N. Tucker, Suite 704 | Missouri Protection & Advocacy |
| St. Louis, MO 63101 | Services |
| | 2000 Innerbelt Business Center Dr. |
| | Overland, MO 63114 |

ATTORNEYS FOR PLAINTIFFS

                                                                   */s/ Matthew Jacober*
                                                                    An Attorney for Defendant