UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-01548-AGF |
| ) | |
| ST. LOUIS CITY BOARD OF ) | |
| ELECTION COMMISSIONERS, ) | |
| ) | |
| Defendant. ) | |

**TEMPORARY RESTRAINING ORDER
AND
ORDER SETTING DATE FOR PRELIMINARY INJUNCTION HEARING**

This matter is before the Court on the motion of Plaintiffs Christopher Gray ("Gray") and William Koppelmann ("Koppelmann") for a temporary restraining order ("TRO"). A hearing on Plaintiffs' motion was held on September 30, 2016 at 1:30 p.m., at which counsel for both sides appeared. Upon review of the record and the arguments at the hearing, the motion for TRO is granted as set forth below.

**BACKGROUND**

In their complaint under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), Plaintiffs Gray and Koppelmann allege, and they have established by affidavit, that they are registered voters in the City of St. Louis and the State of Missouri, they have been blind since birth, and they desire to vote in person by absentee ballot without assistance, so as to preserve the confidential nature of their vote. Plaintiffs have filed suit against Defendant the

St. Louis City Board of Election Commissioners, a governmental body authorized by the state legislature to administer and conduct public elections. The State of Missouri allows absentee voting for a variety of reasons, including reasons that allow persons with disabilities to vote during the absentee period.

For the November 8, 2016 election, the absentee voting period began on September 27, 2016 and ends on November 7, 2016. Plaintiffs have requested (but have not been granted to date) an accommodation from Defendant to allow them to use touch-screen machines with audio technology (sometimes called "talking voting machines") during this absentee period. Defendant has provided talking voting machines to accommodate disabled absentee voters in the past, for as long as electronic voting machines have been made available, and it is still "willing and able to provide [talking] voting machines in absentee voting, as it has done for years, to accommodate disabled voters" in this election. (Doc. No. 6 at 1.) Gray is the Executive Director of the Missouri Council of the Blind, a Missouri non-profit organization that advocates for blind Missourians. Gray states that he is aware of many other members of the Missouri Council of the Blind who wish to vote absentee in person using the talking voting machines.

Defendant states that it is constrained from making the talking voting machines available during the current absentee voting period by the recent decision by the Missouri Court of Appeals in *Franks v. Hubbard*, No. ED 104797, 2016 WL 4760906 (Mo. Ct. App. Sept. 13, 2016). In that case, the Missouri Court of Appeals held that, with respect to a local primary election, Missouri Revised Statute § 115.283 required absentee ballots cast in person or via mail to be placed inside a pre-printed ballot envelope "stating the voter's

name, voting address, mailing address, and the voter's reason for voting absentee ballot." *Id.* at *3. This statute also requires absentee voters to attest under penalty of perjury that, among other things, the voters are qualified to vote in the election, have not previously voted and will not vote again in the election, and have personally marked the ballot in secret or supervised the marking if unable to mark it. *Id.*

The *Franks* case did not deal with federal law, no person with a disability was a party to that case, and no one represented the interests of persons with disabilities in that case. The talking voting machines available to Defendant do not print a paper receipt that could be placed in an envelope as dictated by the *Franks* decision. Defendant has represented its ability and intention to comply with all other requirements of Missouri law with respect to absentee voting, including any verification of qualification required of the voter. Although Defendant was not a party to the *Franks* case, it has filed a motion to modify the *Franks* opinion in order to clarify that the opinion "does not bar the use of touch-screen absentee ballot voting without the use of envelopes for persons who appear in person to vote absentee and who demonstrate that a disability prevents them from voting using a paper ballot but would be able to vote using a touch-screen voting machine." (Doc. No. 1-9.) However, as of the date and time of this Order, the Missouri Court of Appeals had not ruled on Defendant's motion.

Defendant has acknowledged that providing the talking voting machines and permitting electronic voting by Plaintiffs and other disabled individuals would not pose an undue burden or require a fundamental alteration of programs, services, or activities within the meaning of the ADA.

## **DISCUSSION**

In determining whether to issue a TRO, the Court must consider the following four factors: (1) the threat of irreparable harm to the movants; (2) the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movants will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). "While no single factor is determinative, the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (citation omitted). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. *Gelco Corp. v. ConistonPartners*, 811 F.2d 414, 418 (8th Cir. 1987).

A. Likelihood of Success on the Merits

The Court is satisfied that Plaintiffs are likely to succeed on the merits of their claims, including their request for injunctive relief requiring Defendant to make talking voting machines available for use by persons with disabilities in absentee voting. *See generally*, *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 510 (4th Cir. 2016) (holding that the state board of elections' refusal to allow disabled voters to use an online ballot marking tool for absentee voting in an upcoming election deprived blind would-be absentee voters of "the benefits of a public service, program, or activity" on the basis of their disability, in violation of Title II of the ADA and Section 504).

B. Irreparable Harm to Plaintiffs Absent an Injunction

The Court further finds that if disabled Missourians are denied the use of talking voting machines during the current absentee period, they will suffer irreparable harm in the

form of a restriction on their fundamental voting rights. *League of Women Voters of N. Carolina v. N. Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) ("Courts routinely deem restrictions on fundamental voting rights irreparable injury."). For this reason Plaintiff's remedy at law is inadequate, because no monetary remedy can adequately compensate for the loss of a private and independent vote.

    C.  Balance of Harms

By contrast the harm to Defendant if enjoined at least until such time as the Court can hold a preliminary injunction hearing is minimal, as Defendant stands willing and able to provide the talking voting machines immediately without any undue burden, and without any fundamental alteration of its programs, services, and activities. Thus, the harm that Plaintiffs would continue to suffer absent an injunction, outweighs any harm that may befall Defendant if the Court requires Defendant to make the talking voting machines available during this absentee period.

    D. The Public Interest

Here the balance of the equities also favors granting Plaintiffs' motion for injunctive relief. An injunction will serve to promote the fundamental right to vote and protect persons with disabilities from discrimination. And aside from this reasonable modification, Defendant has represented its ability and intention to comply with all other requirements of Missouri law with respect to absentee voting.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a Temporary Restraining Order is **GRANTED.** (Doc. No. 2.)

**IT IS FURTHER ORDERED** that pending this Court's issuance of a ruling with respect to Plaintiff's request for a preliminary injunction, Defendant (A) is enjoined from violating Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act with respect to absentee voting for the November 8, 2016 election, and (B) shall make touch-screen voting machines with audio and all other accessible voting technology available for persons with disabilities during the absentee voting period for the November 8, 2016 election.

**IT IS FURTHER ORDERED**, with consent of Defendant, and finding no security to be necessary, that the bond requirement of Rule 65(c) of the Federal Rules of Civil Procedure is waived.

**IT IS FURTHER ORDERED** that this matter is set for a hearing with respect to Plaintiffs' request for a preliminary injunction on **Thursday, October 13, 2016, at 2:00 p.m.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2016 at 3:10 p.m.